**UNITED STATES of America,**
**Appellee-Appellant,**

v.

**David KLAPHOLZ and Paula Klapholz,**
**Defendants-Appellants-Appellees.**

**No. 113, Docket 23596.**

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1955.

Decided Feb. 21, 1956.

3. See the discussion by the Eighth Circuit in Reynolds v. Boos, 188 F.2d 322, 325, 326.

Cornelius W. Wickersham, Jr., Chief Asst. U. S. Atty., Brooklyn, N. Y. (Leonard P. Moore, U. S. Atty., and Peter E. DeBlasio, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for appellee-appellant.

Arthur Kaplan, New York, N. Y., for defendants-appellants-appellees.

Before FRANK, HINCKS and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

These are cross appeals from an order of Judge Weinfeld in the Southern District of New York, granting in part and denying in part motions of the defendants to suppress evidence pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The opinion of the District Court is reported at 17 F.R.D. 18.

The defendants, who had been arrested in the Eastern District of New York at 4:00 p. m., on August 2, 1954, but whose arraignment had been deferred until August 4, 1954 at 1:00 p. m., moved to suppress all evidence obtained during and by reason of the presence of government agents in the defendants' apartment in the Southern District of New York from about 8:00 p. m. on August 2, 1954 to 11:30 a. m. August 4, 1954, on the ground (1) that the presence of the agents in the apartment violated their rights under the Fourth and Fifth Amendments of the Constitution of the United States and (2) that the delay in arraigning them was in violation of Rule 5(a) of the Federal Rules of Criminal Procedure. The defendants also moved to suppress all evidence obtained as a result of the search made (1) of their apartment on August 4, 1954, and (2) of the defendant Paula Klapholz's safe deposit box on August 4, 1954 pursuant to a warrant dated that date. These motions were filed by the defendants in the court below on September 13, 1954. Meanwhile, on August 23, 1954 indictments against the defendants had

been returned to the United States District Court for the Eastern District of New York.

After a hearing in which all the defendants' procedural rights were scrupulously and fully protected the District Court denied the defendants' motions to suppress the evidence obtained by execution of the search warrants. The denial was based on findings that the warrants were issued on probable cause; that they were sufficient on their faces in stating the grounds of probable cause for their issuance; that the warrants were seasonably executed within the ten-day period specified in Rule 41(d); and that failure to give a receipt for items seized did not invalidate an otherwise lawful search. From the order giving effect to this ruling, the defendants appealed.

We affirm that order on Judge Weinfeld's findings and opinion below.

As to the motion to suppress evidence in addition to that obtained through the search warrants, i. e., evidence which had been obtained through the presence of the government officers in their apartment, the court found that the officers were there by the defendants' consent. That finding required a conclusion—which was implicit, if not expressly stated, in the opinion below—that the search and seizure was not in violation of the Fourth Amendment. However, the judge apparently thought that even though there had been no constitutional violation the evidence might be suppressed if there had been "unnecessary delay" in bringing the defendants before a United States Commissioner in violation of Rule 5(a). Apparently assuming that, on the authority of McNabb v. U. S., 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, the court had jurisdiction to suppress for violation of Rule 5(a), he meticulously found that to defer the defendants' presentation to a Commissioner until August 3 at 10:30 a. m. did *not* involve "unnecessary delay" within the meaning of Rule 5(a), but that the fur-

ther deferment of the presentation was unreasonable and so *did* constitute "unnecessary delay." Accordingly, it was ordered that, as to evidence obtained through the presence of the government agents in defendants' apartment prior to that date and hour, the motion to suppress should be denied; and that, as to evidence so obtained thereafter, the motion be granted. From this order, both the defendants and the government appealed.

■■ The sole express authority for a pre-trial suppression of evidence by any court other than a trial court is found in Rule 41(e). And the authority thus conferred goes no further than to permit a district court to suppress evidence obtained by unlawful searches and seizures within its district. Its operativeness thus depends on a violation of constitutional rights under the Fourth Amendment. The cases are clear that a breach of Rule 5(a) does not constitute such a constitutional violation. Brown v. Allen, 344 U.S. 443, 476, 73 S.Ct. 397, 97 L.Ed. 469; Stein v. New York, 346 U.S. 156, 187, 73 S.Ct. 1077, 97 L.Ed. 1522; Upshaw v. United States, 335 U.S. 410, 414, note 2, 69 S.Ct. 170, 93 L.Ed. 100. It follows that authority to enforce Rule 5(a) is not carried by Rule 41(e).

■ Until the recent decision in Rea v. United States, 350 U.S. 214, 76 S.Ct. 292, we think the only judicial technique utilized for the enforcement of Rule 5(a) was the rule of McNabb v. United States, supra, which was stated 318 U.S. at pages 340–341, 63 S.Ct. 608, as an evidentiary rule of exclusion, formulated by the Supreme Court as a deterrent to the violation of Rule 5(a). In that case, it was held that a trial court could and should in the trial exclude evidence of confessions obtained in violation of Rule 5(a). But neither McNabb nor (until Rea) any of the cases which have applied and developed its doctrine have held that evidence not obtained by an unlawful search and seizure may be suppressed by a court other than the trial court.[1] Nei-

---

1. In In re Fried, 2 Cir., 161 F.2d 453, we held, that a district court in a district

in which a defendant might be indicted and tried, in advance of indictment had

ther statute nor the Federal Rules of Criminal Procedure expressly sanction such assumption of authority.

■■ However, in the Rea case, supra [350 U.S. 214, 76 S.Ct. 294], the Supreme Court said that the federal Rules "are designed as standards for federal agents" and that, since the Rules were prescribed by the Supreme Court after submission to Congress, it has " 'supervisory powers over federal law enforcement agencies' " and that "Federal courts sit to enforce federal law; and federal law extends to the process issuing from those courts." Accordingly, it held that when "a federal agent has violated the federal Rules governing searches and seizures * * * [t]he power of the federal courts extends to policing these requirements and making certain that they are observed"; and that having such power it was erroneous for a federal court to refuse to enjoin the federal officer from using "the fruits of his unlawful act" as "the basis of testimony in the state court." Under this doctrine, we think it plain that the court below had jurisdiction to entertain and determine motions for the suppression of evidence obtained within its territorial jurisdiction even though it was without jurisdiction to try the moving parties for violations of federal law committed in another district under an indictment therein pending. It is true that here we are concerned with a suppression based on violation of Rule 5(a) instead of one based on violation of the Fourth Amendment which is the subject-matter of Rule 41. But the language and rationale of the majority opinion in the Rea case permits no distinction on that account.

However, although we accept the Rea decision as decisive on the presence of

jurisdiction in the court below to rule as it did, we think the Rea decision did not require that court to exercise that jurisdiction. In Rea, the exercise of the court's injunctive powers was required because of the showing that a criminal prosecution was pending in a state court of New Mexico in which the evidence sought to be suppressed might have been admissible even though obtained in violation of the Fourth Amendment.[2] That feature is absent here. Here, if the court below had declined jurisdiction, the District Court for the Eastern District of New York, in which the moving parties were awaiting trial on a smuggling charge not cognizable in the state courts, on their application would have been duty-bound to apply the McNabb rule giving them all relief to which they might be found entitled. If the motions had been there made and ruled on in advance of trial, that court would have been free to re-examine its preliminary ruling in the context of the trial record and the pre-trial ruling would not have been independently appealable under 28 U.S.C.A. § 1291. Cogen v. U. S., 278 U. S. 221, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Stephenson, 96 U.S.App.D.C. 44, 223 F.2d 336.

■ In the setting of this case, in so far as it has been disclosed to us, we think that it would have been a proper and a wise exercise of discretion by the court below, after disposing of the attack on the search and seizure under Rule 41(e), to have declined jurisdiction over the other motions to suppress, leaving the defendants free to move for suppression in the trial court. Such a course would have avoided invasion of the trial court's normal province[3] to pass on the admissibility of evidence in the trial without jeopardy to the right of

power to suppress a confession obtained in violation of the Fifth Amendment, but, with Judge Frank dissenting, was without power to suppress the confession for violation of Rule 5(a). The latter holding was followed in United States v. Tuzzo, D.C.N.J., 9 F.R.D. 466, and in United States v. Quinn, D.C.S.D.N.Y., 17 F.R.D. 342.

2. Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782.

3. Until the announcement of the Rea decision we had supposed that except for suppression under Rule 41(e) it lay in the exclusive province of the trial court to control the admission of evidence on trial.

the defendants to the exclusion of evidence under the McNabb rule. But by ordering suppression in an independent proceeding, as in Dier v. Banton, 262 U.S. 147, 43 S.Ct. 533, 67 L.Ed. 915, it has made a ruling which is independently appealable and which may possibly be urged to have the effect of *res judicata* in the trial. Steele v. U. S., No. 2, 267 U.S. 505, 45 S.Ct. 417, 69 L.Ed. 761; Cf. Dowling v. Collins, 6 Cir., 10 F.2d 62. However, it does not appear that the government, which was represented below by the District Attorney for the Eastern District, requested that the court decline jurisdiction. In the absence of such a request we cannot say that the court abused its discretion by exercising power which the Supreme Court, in the Rea case, held it to have. Especially is this so since the court below might have reasonably concluded that the search and seizure and illegal detainer issues were so closely related as to make it desirable to consider them in one proceeding.

■■ We come, therefore, to the merits of the rulings on the motions to suppress. We agree with Judge Weinfeld that no waiver by the defendants of compliance with Rule 5(a) may be implied from the bare consent of the defendants to the presence of the agents in their home. His findings as to the time reasonably required to accomplish the arraignments were made with painstaking care and were fully supported by the underlying facts. It only remains to consider whether the evidence suppressed was proper subject-matter for suppression under the McNabb rule. The order provided that "all evidence derived as a result of the presence of the government agents in the defendants' apartment * * *" subsequent to 10 a. m. on August 3, 1954 "is suppressed."[4] We think Judge Weinfeld rightly refused

to suppress evidence obtained prior to that date and hour. United States v. Mitchell, 322 U.S. 65, 70, 64 S.Ct. 896, 88 L.Ed. 1140; United States v. Leviton, 2 Cir., 193 F.2d 848, 853, certiorari denied 343 U.S. 946, 72 S.Ct. 860, 96 L.Ed. 1350, rehearing denied 343 U.S. 988, 72 S.Ct. 1079, 96 L.Ed. 1375. We find no intimation to the contrary in the Rea opinion. But as to evidence obtained in the defendants' home after that time, does the McNabb rule require the suppression of *all such evidence* or is the rule limited to the suppression *of confessions?* Since the rule was one formulated by the Supreme Court as a deterrent to detentions in violation of Rule 5(a), we think that it extends to *all evidence* obtained by federal agents through access to persons while detained in violation of Rule 5(a). It follows that in the setting of this case the order of suppression was within the scope of the McNabb rule.

Affirmed.

4. Reading the order in the light of the judge's opinion which was referred to therein, we construe the intended scope of the suppression order as prohibiting the use of the described evidence only against the moving parties. We have no need, therefore, now to determine whether the Rea decision may be invoked only by those whom federal agents have detained in violation of Rule 5(a) or whether in the exercise of its asserted power to discipline federal agents the Supreme Court intends that evidence obtained in violation of the Federal Rules shall be inadmissible even against those not otherwise injured by executive action.