**UNITED STATES of America**

v.

**Francisco Parada GONZALEZ and Jose Anibal Fojon.**

United States District Court
S. D. New York.
March 24, 1965.

Robert M. Morgenthau, U. S. Atty., U. S. Dist. Court, New York City, for plaintiff; Hugh C. Humphreys, Asst. U. S. Atty., of counsel.

Albert Felix, New York City, for defendant Gonzalez.

Thomas J. Brady, New York City, for defendant Fojon.

COOPER, District Judge.

Defendant Gonzalez moves to dismiss the indictment on the ground it fails to state a crime against him under the laws of the United States. Further, he seeks inspection of grand jury minutes pursuant to Rule 6(e), F.R.Crim.P., or in the alternative, dismissal of the indictment on the ground insufficient "legal" evidence was produced before the grand jury to warrant its return. Finally, he moves to sever Counts One and Two from the indictment.

By this memorandum the Court undertakes to dispose of each motion.

### The Indictment

The indictment contains five counts. Defendant Gonzalez, named only in Counts One and Three, is charged in each with conspiring to defraud the United States and to violate Section 1001, Title 18 U.S.C., in violation of Section 371, Title 18 U.S.C.

The first conspiracy count charges Gonzalez with conspiring with co-defendant Fojon (an alien) and co-conspirator Ramierz (Fojon's citizen spouse) to violate 18 U.S.C. § 1001 by defrauding the United States of its right to have the administration of the immigration laws conducted honestly and free from fraud, deceit, misrepresentation etc. As part of the conspiracy, it is alleged that Gonzalez would arrange for the marriage of co-conspirator Ramierz and co-defendant Fojon, that such marriage would not be consummated and that it would terminate in divorce after Fojon had been admitted to this country as a non-quota immigrant spouse of an American citizen. It is further charged that the parties to the marriage would conceal the material facts that there had been antenuptial agreements not to cohabit and to obtain a divorce. Finally, it is charged that false statements would be made to the Immigration Service concerning the facts surrounding the courtship and cohabitation of Fojon and his wife.

Count Two, which names only Fojon as a defendant, charges false statements made to the Immigration Service concerning the cohabitation of Fojon and his wife. Fojon is named as a defendant only in the first two counts.

Count Three, the second conspiracy count which names Gonzalez as defendant, is identical with the first except that it relates to a different marriage.

Counts Four and Five are substantive counts relating to false and fictitious statements allegedly made by another defendant to the Immigration Service.

### The Motion to Dismiss

 Defendant Gonzalez moves, presumably pursuant to Rule 12, F.R. Crim.P., to dismiss the indictment on the ground that it "fails to set forth a crime under the laws of the United States against the defendant * * *" (Supporting Affidavit of Allen S. Stim, Esq., ¶¶ 6, 7).

In relying solely on United States v. Diogo, 2 Cir., 1963, 320 F.2d 898, a decision striking at the evidentiary infirmities in the Government's proof at trial rather than an insufficiency of the indictment, defendant ignores Lutwak v. United States, 1953, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593, as well as the recent case of United States v. Pantelopoulus, 2 Cir., 1964, 336 F.2d 421. Appropriately distinguishing Diogo, Pantelopoulus sustained a conviction based upon an indictment closely akin to the one here attacked. As in Pantelopoulus, and unlike Diogo, the instant indictment does not charge false statements regarding marital status. See United States v. Pantelopoulus, supra, 336 F.2d at 423. Finally, defendant Gonzalez can succor no support from what he regards as an infirmity in the allegedly material fact charged as misrepresented in Count Two. Gonzalez is not a defendant under that count and has failed to demonstrate the insufficiency of Count One. See United States v. Pope, S.D.N.Y., 1960, 189 F. Supp. 12, 19 n. 19. The materiality of

those alleged misrepresentations cannot be litigated in the abstract. See United States v. Silver, 2 Cir., 1956, 235 F.2d 375, 376, cert. denied, 352 U.S. 880, 77 S.Ct. 102, 1 L.Ed.2d 80.

### Motion to Inspect Grand Jury Minutes and for Dismissal of the Indictment

Defendant asks this Court either to enter an order pursuant to Rule 6(e), F.R.Crim.P. granting him permission to inspect the grand jury testimony upon which this indictment is predicated preparatory to a motion to dismiss the indictment, or to dismiss the indictment as found upon insufficient evidence.

Defendant's ground for the Rule 6(e) motion is that there was a prior indictment against defendant; in view of the decision in United States v. Diogo, supra, the United States Attorney re-presented the matter to the grand jury; the instant indictment was returned; and this constitutes "an attempt * * * to change the indictment *in form* so as to evade controlling case law * * * for this Circuit." (Emphasis added.) (Supporting Affidavit, supra, ¶ 8.)

█ Rule 6(e), however, permits disclosure "upon a showing that grounds may exist for a motion to dismiss the indictment because of *matters occurring before the grand jury.*" (Emphasis added.) Nothing alleged concerning the re-presentment provides the "clear and positive showing * * * of gross and prejudicial irregularity influencing the grand jury" which would warrant breaking the veil of secrecy surrounding its proceeding. United States v. American Medical Ass'n, D.D.C., 1939, 26 F.Supp. 429, 430–431; see United States v. Garsson, S.D.N.Y., 291 F. 646, 649. While the indispensible secrecy may be broken where there is compelling necessity, the need must be shown with particularity.

United States v. Proctor & Gamble, 1958, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077, see Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323. Such particularity is absent here.

█ The alternative relief requested is clearly without merit. The Supreme Court has held that a claim that the evidence presented to a grand jury was incompetent or inadequate is not a ground for inspection or dismissal of the indictment. Costello v. United States, 1956, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397. See Lawn v. United States, 1958, 355 U.S. 339, 348–350, 78 S.Ct. 311, 2 L.Ed.2d 321.

Recent cases in this Circuit are to the same effect. United States v. Ramsey, 2 Cir., 1963, 315 F.2d 199, cert. denied, 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113; United States v. Calise, S.D.N.Y., 1963, 217 F.Supp. 705, 710. This is particularly apparent where the request is upon unsupported allegations. United States v. Weber, 2 Cir., 1952, 197 F.2d 237, 238, cert. denied, 344 U.S. 834, 73 S.Ct. 42, 97 L.Ed. 649.

### Motion for Severance

█ Upon the consent of the Government, the motion to sever Counts One and Two from the indictment is granted.

### Conclusion

Defendant's motion to dismiss the indictment is denied.

Defendant's motion to grant inspection of grand jury minutes, or, in the alternative, dismiss the indictment is denied.

Defendant's motion for severance of Counts One and Two from the indictment is granted.

This shall be considered an order; settlement thereof is unnecessary.

So Ordered.