**UNITED STATES of America,**

v.

**Harry EPSTEIN et al., Defendants.**

United States District Court
S. D. New York.

April 2, 1965.

See also, D.C., 240 F.Supp. 80.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for United States, Edward M. Shaw, Asst. U. S. Atty., of counsel.

William Esbitt and Marvin B. Segal, New York City, for defendants Ludvik Katz, Maurice Katz and Zoltan Katz.

**WEINFELD, District Judge.**

The motion by defendants Ludvik, Maurice and Zoltan Katz for the suppression and return of property seized on the premises of Valiant Watch, Ltd. under a search warrant issued by the United States Commissioner is denied.

■ Apart from the fact that Customs Agent Dolan's affidavit upon its face indicates probable cause for the issuance of the warrant,[1] the extensive hearing conducted before me established the identity of the informer referred to in the affidavit, his previously demonstrated reliability, as well as independent knowledge on the part of the customs agents— all of which made out an overwhelming case of probable cause. Indeed, it is the Court's view that the Government presented much more evidence at the hearing than was required to sustain the Commissioner's determination of probable cause.

■ The principal attack upon Dolan's affidavit centered upon the source and basis of his allegation that smuggled watch movements were contained in the packages delivered to Valiant Watch, Ltd. by one of its employees. The hearing developed that Dolan had acquired this knowledge on three separate occasions when he inspected the packages at a "drop" with the consent of the employee, who had been cooperating with Dolan and other customs agents. The employee had been dispatched there to pick up the packages and then to deliver them to the premises of Valiant Watch, Ltd. The defendants contend these searches violated their constitutional rights. However, at the time of the inspection the title and ultimate right to possession of the watches were in the corporation, not in the individual defendants, even though they were stockholders or officers. Accordingly, the searches violated no constitutionally protected rights of theirs,[2] assuming the invalidity of the searches.

■ In any event, the searches were lawful; the customs agents acted within their authority[3] in examining the packages and in securing samples therefrom, with or without the consent of the employee. They did not act upon mere suspicion, but on each occasion had abundant evidence upon which to ground a reasonable relief that the packages contained illegally imported watch movements. Defendants' contention that authority to search without a warrant is confined under the statute to customs borders and ports of entry, or situations

1. Where a search warrant has been obtained, considerable weight is to be given the circumstance that the Commissioner found probable cause. See United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741 (1965); Aguilar v. Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); United States v. Ramirez, 279 F.2d 712, 716 (2d Cir. 1960); Conti v. Morgenthau, 232 F.Supp. 1004, 1006 & n. 1 (S.D.N.Y.1964).

2. See Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); United States v. Goldberg, 330 F.2d 30, 35 (3d Cir.), cert. denied, 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 1297 (1964); United States v. Fago, 319 F.2d 791, 792–793 (2d Cir. 1963); United States v. Guterma, 272 F.2d 344 (2d Cir. 1959); Lagow v. United States, 159 F.2d 245 (2d Cir. 1946), cert. denied, 331 U.S. 858, 67 S.Ct. 1750, 91 L.Ed. 1865 (1947); United States v. Antonelli Fireworks Co., 155 F.2d 631, 636 (2d Cir. 1946).

3. 19 U.S.C. § 482 provides: "Search of vehicles and persons. Any of the officers or persons authorized to board or search vessels may stop, search, and examine, as well without as within their respective districts, any vehicle, beast, or person, on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law * * * and to search any trunk or envelope, wherever found, in which he may have a reasonable cause to suspect there is merchandise which was imported contrary to law; and if any such officer or other person so authorized shall find any merchandise on or about any such vehicle, beast, or person, or in any such trunk or envelope, which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States * * * he shall seize and secure the same for trial."

involving hot pursuit, finds no support in the cases [4] and flies in the face of the plain statutory language permitting a search on reasonable cause of "any trunk or envelope, wherever found." The defendants overlook the fact, of which the Court takes notice, that the searches in question occurred in New York City, the largest of our ports of entry. Moreover, assuming that petitioner interprets the statute correctly, the events and circumstances which led to the inspection survive any constitutional claim of unreasonable search. Since the packages were in transit, it was not feasible to obtain a search warrant; any purpose of inspection of the suspected contraband would have been frustrated by the time a warrant could have been obtained.[5] Neither was the agent required to seize, as defendants contend, the entire contents of the suspected contraband rather than a single sample.[6]

▪ Finally, the Court finds that the search warrant bears no defects on its face, is fully supported by the affidavit, describes with sufficient particularity the objects to be seized, and permits seizure of all the items taken from the premises of Valiant Watch, Ltd. While it is true that cash was not specified in the warrant, the $4,000 which was seized was, according to testimony given upon the hearing, the proceeds of continuing unlawful smuggling activities, and therefore subject to seizure.[7]

▪ Defendants also move to suppress statements obtained from them during a period of alleged unreasonable delay in arraignment and while their attorney was being denied access to them. Upon the Government's representation, that the oral statements in no way led to the discovery of further evidence, and that it has not yet been decided whether such statements, if any, will be offered in evidence upon the trial, the motion is denied —but without prejudice to renewal if they are offered.[8]

▪ The motion for return of automobiles seized at or about the time of the search of Valiant Watch, Ltd. is likewise denied, but without prejudice to defendants' right to institute appropriate reclamation proceedings. Here, too, the Government represents that it will not seek to introduce the automobiles or their contents as evidence upon the trial.

4. See, e.g., Romero v. United States, 318 F.2d 530 (5th Cir.), cert. denied, 375 U.S. 946, 84 S.Ct. 357, 11 L.Ed.2d 277 (1963) (seizure in border town absent any evidence of recent crossing); Cervantes v. United States, 263 F.2d 800 (9th Cir. 1959). Indeed, the statute clearly distinguishes searches of trunks and envelopes, "wherever found," which must be made upon reasonable cause, from border searches, which can be made on mere suspicion. See, e.g., Mansfield v. United States, 308 F.2d 221 (5th Cir. 1962); Landau v. United States Attorney, 82 F.2d 285 (2d Cir. 1936).

5. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); United States v. Boston, 330 F.2d 937, 939 (2d Cir.), cert. denied, 377 U.S. 1004, 84 S.Ct. 1940, 12 L.Ed.2d 1053 (1964); United States v. Kancso, 252 F.2d 220 (2d Cir. 1958).

6. See United States v. Davis, 272 F.2d 149 (7th Cir. 1959).

7. Johnson v. United States, 110 U.S.App. D.C. 351, 293 F.2d 539 (1961), cert. denied, 375 U.S. 888, 84 S.Ct. 167, 11 L.Ed.2d 118 (1964); United States v. Joseph, 174 F.Supp. 539, 545 (E.D.Pa. 1959), aff'd, 278 F.2d 504 (3d Cir.), cert. denied, 364 U.S. 823, 81 S.Ct. 59, 5 L.Ed.2d 52 (1960). Furthermore, deficiencies in the specificity of the search warrant, were there any, could well be remedied by the customs agents' authority to search the premises incident to the arrest of defendants. In light of its disposition of the case, the Court found it unnecessary to inquire into the validity of the warrants pursuant to which defendants were arrested.

8. See United States v. Klapholz, 230 F.2d 494 (2d Cir.), cert. denied, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956).