**UNITED STATES of America,**

v.

**Jacquelyn Elaine HAYWARD, Defendant.**

**No. 67 Cr. 388.**

United States District Court
S. D. New York.

July 7, 1967.

204

Robert M. Morgenthau, U. S. Atty., for Southern District of New York for United States of America, by Douglas S. Liebhafsky, Asst. U. S. Atty., New York City.

Samuel Slosser, New York City, for defendant.

MANSFIELD, District Judge.

The defendant, who has been charged in a one-count indictment with embezzlement of funds from the St. Marks Methodist Church Federal Credit Union in violation of Title 18 U.S.C. § 657, moves (1) for suppression of a statement given by her in June 1965 to the Federal Bureau of Investigation on the ground that it was obtained from her involuntarily and in violation of her Constitutional rights; and (2) for a bill of particulars.

■ The Assistant United States Attorney in charge of the case states under oath that the Government has made no decision as to whether it will offer the confession at trial, and that it has no information to the effect that the confession has been used to secure further evidence against the defendant. Under the circumstances, the motion to suppress the confession and admissions must be denied as premature, without prejudice to its being renewed at trial if the Government should then decide to offer it in evidence. United States v. Klapholz, 230 F.2d 494 (2d Cir.), cert. denied, 351

U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956); United States v. Epstein, 240 F.Supp. 84 (S.D.N.Y.1965); United States v. Talbert, 271 F.Supp. 312 (S.D. N.Y. June 15, 1967); United States v. Dubin, 42 F.R.D. 434 (S.D.N.Y. July 7, 1967).

The motion for a bill of particulars is disposed of as follows:

■ Items 1–4: the Government has consented to furnish substantially all of the particulars requested in these items. Since the indictment alleges that the embezzlement occurred on May 12, 1965, the term "transaction" used in Item 3 of the demand is ambiguous. If, however, it is intended to determine whether the embezzlement was effectuated by the receipt of sums of money at different times on or about the date alleged, the Government is ordered to furnish whether it so claims, and, if so, the amounts taken or received on each such occasion. Otherwise Items 1–4 are denied except to the extent consented to by the Government.

■■ Item 5: This item, which seeks "the manner in which" the defendant allegedly embezzled the funds is denied for the reason that it seeks evidentiary detail which is not the function of a bill of particulars. United States v. Lebron, 222 F.2d 531, 535–536 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct 121, 100 L.Ed. 774 (1955); United States v. Rosenberg, 10 F.R.D. 521 (S.D.N.Y.1950); United States v. Kahaner, 203 F.Supp. 78, 84 (S.D.N.Y.1962).

■ Item 6: For the reasons set forth in detail in United States v. Louis Carreau, Inc., 67 Cr. 200, 42 F.R.D. 408 (S.D.N.Y. June 30, 1967), the demand for a copy of defendant's confession is denied, in the absence of any showing of any need or cause for such production. In the event, however, that the Government proposes to offer the confession as part of its direct case-in-chief at trial, it shall at least one week prior to trial furnish a copy of the confession to the defendant.

So ordered.