L.Ed. 1454 (1956); United States v. Epstein, 240 F.Supp. 84, 86 (S.D.N.Y. 1965); United States v. Dubin, 42 F.R.D. 434 (D.C., S.D.N.Y. July 7, 1967); United States v. Hayward, 271 F.Supp. 203 (S.D.N.Y. July 7, 1967).

So ordered.

**UNITED STATES of America,**

v.

**Jack DUBIN, Defendant.**

**No. 66 Cr. 1036.**

United States District Court
S. D. New York.

July 7, 1967.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, by Max Wild, Asst. U. S. Atty., New York City, for the United States.

Sidney B. Josephson, New York City, for defendant.

MANSFIELD, District Judge.

The defendant, who has been charged in a 10-count information with forging and uttering United States Government checks in violation of Title 18 U.S.C. § 495, moves to suppress statements and admissions made by him to a Government agent prior to his arrest on the ground that they were obtained without warning him of his Constitutional rights, and for suppression of a statement given thereafter to the Assistant United States Attorney on the ground that while he was advised by the latter of his Constitutional rights, the statement was tainted by the earlier violation of his rights by the Government agent.

■ The motion is premature. There is no showing that the Government proposes to use any of the statements at trial. Since it may not use them, at this stage it would be wasteful to conduct a hearing for the purpose of determining whether the agent's investigation had reached an accusatory stage or involved a custodial interrogation when the earlier admissions were made, see Miranda v. State of Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In the event that the Government seeks to use any of the statements at trial, the questions of their admissibility, whether the defendant made a knowing and intelligent waiver of his rights, and whether in any event the later confession made to the Assistant United States Attorney is affected in any way by earlier statements, can best be determined upon voir dire by the trial judge who will be in a better position fully to protect the defendant's rights. United States v. Klapholz, 230 F.2d 494 (2d Cir.), cert. denied, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956); United States v. Epstein, 240 F.Supp. 84 (S.D.N.Y. 1965); United States v. Talbert, 271 F.Supp. 312 (S.D.N.Y. June 15, 1967).

The motion is denied.

So ordered.