UNITED STATES of America,

v.

Anton John MARTH, Defendant.

No. 67 Cr. 442.

United States District Court
S. D. New York.

July 11, 1967.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, for the United States, by Lars I. Kulleseid, Asst. U. S. Atty., New York City.

Joachim & Flanzig, Mineola, N. Y., for defendant.

MANSFIELD, District Judge.

Defendant, who is charged in a one-count indictment with theft of merchandise worth more than $100 from an interstate shipment in violation of Title 18 U.S.C. § 659, moves upon the affidavit of his attorney for (1) inspection of the minutes of the Grand Jury which indicted him; (2) copies of all statements made by defendant in the possession of the Government; (3) suppression of statements illegally obtained from the defendant; and (4) dismissal of the indictment on the ground that it is based on illegally obtained evidence.

*Inspection of Grand Jury Minutes*

This motion is denied for failure to show any particularized need or, for that matter, any reason at all other than the desire to inspect the Grand Jury minutes for trial preparation purposes, which is insufficient. United States v. Weber, 197 F.2d 237, 238 (2d Cir.), cert. denied, 344 U.S. 834, 73 S.Ct. 42, 97 L.Ed. 649 (1952); Powell v. United States, 122 U.S.App.D.C. 229, 352 F.2d 705 (1965); United States v. Gonzales, 38 F.R.D. 326 (S.D.N.Y.1965) (Cooper, J.).

*Inspection of Defendant's Statements*

The Government has consented to furnishing to the defendant a copy of his signed statement given by him on April 19, 1967, to officials of the United Parcel Service, and asserts that it possesses no other statements. It does, however, have an internal report made by agents of the FBI and notes made by the Assistant United States Attorney who interviewed the defendant. For the reasons set forth in detail in United States v. Louis Carreau, Inc., 42 F.R.D. 408 (D.C., S.D.N.Y. June 30, 1967), neither the FBI report nor the notes need be furnished to the defendant. See also United States v. Federman, 41 F.R.D. 339 (S.D.N.Y.1967); United States v. Elife, 66 Cr. 466, 43 F.R.D. 23 (S.D.N.Y. Feb. 23, 1967); United States v. Talbert, 271 F.Supp. 312 (D.C., S.D.N.Y. June 15, 1967); United States v. Edwards, 42 F.R.D. 605 (S.D.N.Y. July 5, 1967); United States v. Dubin, 42 F.R.D. 434 (S.D.N.Y. July 7, 1967).

*Motions to Suppress and for Dismissal*

These motions represent an example of the lack of wisdom in proceed-

ing solely on the basis of an affidavit of the defendant's attorney, rather than on the basis of the affidvait of the defendant himself, in making such serious charges as the unqualified assertion under oath that the defendant was "compelled" to give a statement without being advised of his rights and after being "grilled" by Government agents. Even when the matter is viewed most charitably toward the defendant's counsel, the signed statement attached to the answering papers, coupled with the affidavit of the Assistant United States Attorney in charge, to the effect that the defendant was fully advised of his rights, indicates that the defendant's counsel may be seriously mistaken in making such flat statements under oath, and that the wiser course, which avoids reflections upon the attorney's own integrity, is to require that the motion be made upon the defendant's own sworn statement.

■ The motion to dismiss the indictment on the ground that it was based on "Insufficient, illegal and/or improperly or illegally adduced or obtained evidence" must be denied for the reason that in the absence of proof to the contrary an indictment returned by a legally constituted Grand Jury is sufficient to call for a trial on the merits. Costello v. United States, 350 U.S. 359 (1956); United States v. Ramsey, 315 F.2d 199 (2d Cir.), cert. denied, 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113 (1963); and United States v. Calise, 217 F.Supp. 705 (S.D. N.Y.1962) (Cashin, J.). See also United States v. Wolrich, 127 F.Supp. 215 (S.D. N.Y.1955) (I. R. Kaufman, J.).

■ In any event these motions must be denied as premature. Since there is no assurance that the Government will definitely offer the defendant's statement at trial, a hearing at this time would be wasteful. In the event that the statement is offered at trial, the trial court will be in a position fully to protect the defendant's rights. United States v. Klapholz, 230 F.2d 494 (2d Cir.), cert. denied, 351 U.S. 924, 76 S.Ct. 781, 100

L.Ed. 1454 (1956); United States v. Epstein, 240 F.Supp. 84, 86 (S.D.N.Y. 1965); United States v. Dubin, 42 F.R.D. 434 (D.C., S.D.N.Y. July 7, 1967); United States v. Hayward, 271 F.Supp. 203 (S.D.N.Y. July 7, 1967).

So ordered.