UNITED STATES of America,

v.

Jose GARCIA and Jose Guzman, Defendants.

No. 67 Cr. 451.

United States District Court
S. D. New York.

July 19, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, by John H. Adams, Asst. U. S. Atty., New York City, for the United States of America.

Gustave A. Gerber, New York City, for defendants.

MANSFIELD, District Judge.

The indictment in this case charges defendants with having unlawfully received, concealed and facilitated the transportation of approximately 23 kilograms of marijuana in violation of 26 U.S.C. §§ 4751 and 4753; and with having unlawfully obtained the marijuana without having paid the tax required by 26 U.S.C. § 4741. Defendants have made a series of motions each of which will hereinafter be separately treated.

A. *Motions to Dismiss the Indictment*

▮ Without furnishing any supporting facts other than conclusory statements of their counsel, the defendants have moved to dismiss the indictment on the ground that it was returned by the Grand Jury on the basis of illegal and insufficient evidence. It is well settled that an indictment returned by a legally constituted Grand Jury, however, is suf-

ficient to call for a trial on the merits, and this Court will not review the sufficiency or the legality of the evidence presented to the Grand Jury, in the absence of a clear showing of special or unusual circumstances. Costello v. United States, 350 U.S. 359, 76 S.Ct. 62, 100 L.Ed. 755 (1956); United States v. Ramsey, 315 F.2d 199 (2d Cir.), cert. denied, 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113 (1963). It is elementary that the indictment is merely a charge which must be proved at trial beyond a reasonable doubt before the defendants may be convicted. If any illegal evidence is offered at trial, defendants' rights will be fully protected by the trial judge. Accordingly, the motion is denied.

B. *Motions to Inspect Grand Jury Minutes*

▮ This motion is not supported by any showing of necessity. While the rule in this Circuit now is that after he has testified at trial the portion of a witness' Grand Jury testimony bearing on his trial testimony should be furnished as a valid exercise of discretion unless the Government can show good cause why there should not be such disclosure, United States v. Youngblood, 2 Cir., 379 F.2d 365 (June 21, 1967), a defendant does not have carte blanche to pry into the Grand Jury proceedings before trial in the hope of finding something useful. United States v. Weber, 197 F.2d 237, 238 (2d Cir.), cert. denied, 344 U.S. 834, 73 S.Ct. 42, 97 L.Ed. 649 (1952); United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962). The policy in favor of keeping Grand Jury minutes sacrosanct far outweighs the curiosity of the defendants in this case, and pursuant to the discretion granted the Court by Rule 6(e), F.R.Crim.P., the motion is denied.

C. *Motions for Discovery of Defendants' Statements and Suppression Thereof*

▮ The Government has consented to furnish the pre-arraignment statements made by defendant Garcia to an

Assistant United States Attorney who conducted an interview with him.[1] With respect to any such statements made by defendant Guzman, however, the Government contends that his status as a fugitive precludes his having any standing to make the motion. Since the Government has dealt with most of Guzman's other motions on the merits, however, it would be anomalous to hold that he lacks standing with respect to this particular motion. Accordingly, for the reasons set forth in United States v. Louis Carreau, Inc., 67 Cr. 200, 42 F.R.D. 408 (S.D. N.Y. June 30, 1967), wherein this Court required that there must be a showing of some reason for the production of such statements, the motion is denied, in the absence of any such showing, with the caveat that if the Government proposes to offer any such statements against the defendant Guzman as part of its direct case-in-chief, it shall, at least one week prior to trial of Guzman, furnish him with a copy of each such statement.

■ The defendants' motion to suppress the foregoing statements is premature. It would be wasteful at this time to hold a hearing to determine the propriety of the manner in which any such statements were taken when it is not at all clear that the Government intends to use them at trial. In the event that the Government seeks to introduce the statements at that time, any issues as to their admissibility can be determined on voir dire by the trial judge who will be in a better position fully to protect the defendants'

rights. United States v. Klapholz, 230 F.2d 494 (2d Cir.), cert. denied, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956); United States v. Dubin, 66 Cr. 1036, 42 F.R.D. 434 (S.D.N.Y. July 7, 1967); United States v. Talbert, 67 Cr. 194, 271 F.Supp. 312 (S.D.N.Y. June 15, 1967); United States v. Epstein, 240 F.Supp. 84 (S.D.N.Y.1965).

D. *Motions for Bills of Particulars*

The Government has consented to furnish many of the particulars requested by the defendants.[2] The defendants, however, also seek to know whether the action is in any way predicated on information supplied by an informer and, if so, the name, address and employment of the informer; the person to whom the information was given; and the circumstances under which the information was given.

■ The defendants are premature in seeking such information. Even if there was an informer, there is as yet no indication that his identity would be relevant and required either at a hearing upon a motion to suppress or at trial. Furthermore, in the event that the informer's identity should become relevant at either of those times, the Court would be obliged, in view of the strong public policy in favor of protecting such identity, to consider all the surrounding circumstances before it could decide whether to exercise its discretion in favor of compelling disclosure. See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed. 2d 62 (1967); Roviaro v. United States,

---

1. Presumably this constitutes all the statements of defendant Garcia which come within the purview of Rule 16(a), F.R. Crim.P.

2. The Government has agreed to set forth:
   "(a) Whether or not the arrests of the defendants were made pursuant to any search warrant, and if so to set forth a true and accurate copy of each thereof, together with all and every supporting statement in support of the issuance thereof;
   "(b) Whether or not any search and seizure herein was based upon and authorized by any search warrant, and if so to set forth a true and accurate copy

of each thereof, together with all and every supporting statement, affidavit, and document, in support thereof, showing the dates of issuance and execution thereof and setting forth the schedules and returns thereon; * * *.
   "(e) The exact time and place, or times and places, when and where the alleged crimes, as charged, are alleged to have been committed; * * *.
   "(g) The name and address and character of employment of each and every person who was present at the time of alleged commission of any of the said acts, allegedly constituting the alleged crimes."

353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1956); United States v. Russ, 362 F.2d 843 (2d Cir. 1966). Since this Court is not now in a position to weigh the pros and cons of such disclosure, the motion is denied. United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Robinson, 67 Cr. 440, 42 F.R.D. 421 (S.D.N.Y. June 26, 1967); United States v. Cimino, 31 F.R.D. 277 (S.D.N.Y.1962); United States v. Wilson, 20 F.R.D. 569 (S.D.N.Y.1957).

▮ Defendants' demand for information concerning the "specific act or acts of each of the defendants, allegedly constituting their respective criminal acts" is denied for the reason that it seeks disclosure of the Government's evidence, which is not the function of a bill of particulars. United States v. Cimino, supra.

E. *Motions for Suppression and Return of Seized Materials*

▮ Defendants' attorney has submitted his own conclusory affidavit alleging that there were various illegal searches subsequent to the arrest of the defendants. These serious charges are denied by the Government. The conduct of defendants' counsel in asserting them solely upon his own general information and belief rather than upon statements of fact sworn to by persons having personal knowledge, evidences a lack of appreciation for his responsibilities as an officer of this Court. United States v. Marth, 67 Cr. 442, 42 F.R.D. 432 (S.D.N.Y. July 11, 1967); cf. United States v. Pardo-Bolland, 229 F.Supp. 473 (S.D.N.Y.1964). Experience shows that unless such serious charges are initiated upon the sworn statement of persons having personal knowledge of the facts, a great deal of time of the parties and the Court is frequently wasted upon unnecessary, expensive and protracted suppression hearings, all for the reason that the attorney demanding suppression merely upon his own say-so often discovers only at the hearing that he has been misled by unsworn representations of his clients, which they would be unwilling to swear to in an affidavit, particularly if they were questioned closely by their counsel and warned of the consequences of perjury.

In this case, in view of the seriousness of the charges, the matter is set down for hearing at 11:00 A.M. on July 31, 1967, to take evidence. Defendants will be required first to go forward with proof establishing a prima facie case of illegal search before the Government will assume the burden of justifying any searches that may have been made. United States v. Warrington, 17 F.R.D. 25 (N.D.Cal.1955).

So ordered.