**UNITED STATES of America**

v.

**Lia VIEYTES, Defendant.**

**No. 68 CR. 874.**

United States District Court
S. D. New York.

March 12, 1969.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for plaintiff, Sterling Johnson, Asst. U. S. Atty., of counsel.

Anthony F. Marra, Legal Aid Society, New York City, for defendant, Milton Adler, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Defendant Lia Vieytes was arrested on October 11, 1968, along with Julio Soto, Octavio Retamal and Oscar Azocar Vieytes, for violation of the Federal narcotics laws. An indictment was thereafter filed and defendant alone remains to be tried, the defendant Soto having been tried and convicted, the defendant Retamal having been tried and acquitted, and the complaint against defendant Oscar Vieytes dismissed and said defendant deported.

Defendant Lia Vieytes is a Chilean citizen with no language facility other than Spanish. It appears that on the

afternoon of her arrest she was interrogated by an Assistant United States Attorney who does not speak Spanish. The interrogation was conducted through an interpreter, more specifically the Federal narcotics agent who had effected defendant's arrest, and defendant's answers were recorded by the Assistant United States Attorney on a form designed for pre-arraignment interviews, i. e., Form No. U.S.A. 33S–306, a copy of which is attached to defendant's moving papers herein. Defendant now alleges that the statement is incorrect in that she was never advised of her right to the presence of counsel, and, further, that she had never made any of the statements contained therein which allegedly admit knowledge of and participation in the violations charged in the indictment. Accordingly, she moves to suppress the statement pursuant to Rule 41 of the Federal Rules of Criminal Procedure. The affidavit in support of such motion is that of defendant's attorney. The Government's papers, while not controverting the allegations in defendant's papers, state that the present motion, being one to suppress a statement of the defendant predicated on its admissibility in evidence, rather than the suppression of material which was the subject of an illegal search or seizure, should be deferred until the time of trial, citing United States v. Klapholz, 230 F.2d 494, 496–498 (2d Cir.), cert denied, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956) and United States v. Giglio, 263 F.2d 410, 412 n. 2 (2d Cir.), cert. denied, 361 U.S. 820, 80 S.Ct. 64, 4 L.Ed.2d 65 (1959). While a motion to suppress, in advance of trial, a statement by a defendant which might be held inadmissible at trial by reason of constitutional infirmities in the methods by which it was obtained may be permissible, there are certain factors which should be considered with respect to the grant of such a motion. First, does the Government intend to offer the statement in evidence? United States v. Epstein, 240 F.Supp. 84, 86 (S.D.N.Y.1965). Secondly, would the grant or denial of the motion to suppress affect the likelihood of a trial, i. e., is the statement so incriminatory that a denial of the motion to suppress would, with some degree of probability, lead to a plea, or is the statement so innocuous that a decision either way would have little effect on the probability of an ultimate trial of the issues? Thirdly, would a grant of the motion to suppress have broader ramifications better considered in advance of trial, i. e., other evidence which the Government might wish to introduce but which would be tainted as the fruit of the poison tree? United States v. Epstein, supra at 86. Fourthly, how soon will the trial itself be held? United States v. Birrell, 276 F.Supp. 798, 815–816 (S.D.N.Y.1967). In the instant case, the Government neither affirms nor denies that it intends to offer defendant's statement in evidence. Parenthetically, since the statement is neither signed nor adopted by defendant, it would appear more likely in any event that the Government would offer the testimony of the agent who interrogated the defendant rather than the statement itself. Nor does the statement appear to be of such an incriminatory nature that the grant or denial of the motion would have any appreciable effect on the likelihood of a trial; nor would it appear to have furnished the basis for other evidence against this defendant and attributable to it as fruit of the poison tree. Finally, the trial of this defendant is imminent and no reason exists why it should not proceed promptly. To hold a hearing on defendant's motion at this time will accomplish little. Furthermore, where charges of a serious nature are made against Government officials or employees, these should be made on the personal affidavit of the defendant, not by hearsay statements of defendant's counsel. United States v. Marth, 42 F.R.D. 432, 434 (S.D.N.Y. 1967).

Accordingly, the motion to suppress is denied with leave to renew at the time of trial.

So ordered.