**UNITED STATES, Appellee,**

v.

**Specialist Four (E-4) Gary L. KELLY, SSN 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, United States Army, Appellant.**

**CM 436065.**

U. S. Army Court of Military Review.

24 Feb. 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain John E. Caulking, JAGC, and Captain Richard A. Pearson, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Laurence M. Huffman, JAGC, and Captain David P. Saxon, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant comes before this Court convicted of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. The court-martial sentenced him to a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances and reduction to Private (E–1). The convening authority approved the sentence.

* We are bound by the rulings in *United States v. Girard*, 23 U.S.C.M.A. 263, 49 C.M.R. 438

In our review of the record pursuant to Article 66, UCMJ, we are concerned with whether the military judge abused his discretion by refusing at an Article 39(a) session to entertain a motion to suppress the pretrial statements made by the appellant. The judge ruled he would litigate the admissibility of the statements in an out-of-court hearing at the appropriate time, *i. e.,* when the statements were offered. The appellant contends that the judge's refusal to litigate the issue at a pretrial hearing coerced him into remaining silent.

In support of his motion at the trial the appellant argued that the statements were obtained as a result of an illegal apprehension, were involuntary, and were therefore inadmissible. The prosecution argued that it did not intend to use the statements on the case-in-chief and would use them for impeachment purposes only if the appellant testified in a manner inconsistent with his statements. The appellant advised the judge that his in-court testimony would be inconsistent with his pretrial statements and that he would testify if they were suppressed, but not otherwise.

The use of an otherwise inadmissible statement of a defendant for impeachment purposes has been sanctioned by the Supreme Court of the United States as being constitutionally permissible. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). In reaching that decision the Court stated:

> "The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of defense, free from the risk of confrontation with prior inconsistent utterances." 401 U.S. at 226, 91 S.Ct. at 646.

■ The United States Court of Military Appeals, based upon paragraphs 153*b*(2)(c) and 140*a*(2), Manual for Courts-Martial, United States, 1969 (Revised edition), has reached a conclusion contrary to that in *Harris*. *United States v. Girard*, 23 U.S.C.M.A. 263, 49 C.M.R. 438 (1975); *United States v. Jordan*, 20 U.S.C.M.A. 614, 44 C.M.R. 44 (1971).* Therefore, if the appel-

(1975), and *United States v. Jordan*, 20 U.S.C.M.A. 614, 44 C.M.R. 44 (1971), even though we

lant's statements are determined to be inadmissible, they could not be used to impeach him.

■ The appellant was not satisfied with the benefit of this rule of exclusion. He asked the trial judge to litigate his suppression motion at the outset. This would permit him to use the Article 31/Miranda protection in the manner expressly disavowed by the Supreme Court in *Harris*. Although the judge could have permitted litigation of the motion to suppress during the pretrial proceedings, such action was within his discretion, and a refusal to rule at that time was not an abuse of that discretion. *United States v. Hartzell*, 3 M.J. 549 (ACMR 1977); *United States v. Feeley*, 47 C.M.R. 581 (N.C.M.R.1973); *United States v. Garcia*, 272 F.Supp. 286 (SDNY 1967); *United States v. Epstein*, 240 F.Supp. 84 (SDNY 1965).

That the military judge did not abuse his discretion is made even more evident when we consider the potential for abuse that would result from an early ruling. Deferral of the ruling on admissibility encouraged truthfulness. Appellant should not be heard to complain because he had to make a choice on testifying before he knew whether inconsistent statements could be used against him.

The findings of guilty and the sentence are affirmed.

Judge MITCHELL and Judge DeFORD concur.

find former Chief Judge Quinn's dissent in *Jordan*, arguing that *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), should be followed, much more persuasive.