**UNITED STATES of America,**
**Appellee,**

v.

**Robert COWAN, Appellant.**
**No. 368, Docket 32003.**

United States Court of Appeals
Second Circuit.

Argued March 22, 1968.

Decided May 13, 1968.

Robert L. Latchford, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York and John R. Wing, Asst. U. S. Atty., on the brief), for appellee.

Phylis Skloot Bamberger, New York City, (Anthony F. Marra, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and BLUMENFELD,* District Judge.

* Of the District Court of Connecticut, sitting by designation.

LUMBARD, Chief Judge:

This appeal by Robert Cowan from a judgment of conviction on two counts of knowing possession of baggage and clothing stolen from common carriers in foreign and interstate commerce, 18 U.S.C. § 659, raises the question of whether or not Cowan had standing to object to the search and seizure of luggage in the possession of a hotel pursuant to its lien for unpaid hotel bills. In the district court, Judge Weinfeld denied a pre-trial motion to suppress this evidence. 37 F.R.D. 215 (1965).

■ We noticed prior to argument that Cowan completed serving his two year sentence on December 14, 1967 because he received 189 days credit for good time pursuant to 18 U.S.C. § 4161 and was entitled to unconditional release 180 days prior to expiration of the maximum term for which he was sentenced, pursuant to 18 U.S.C. § 4164. In response to our request, both parties submitted supplemental briefs on the question of whether or not appellant's unconditional release mooted the appeal.

We agree with the Government's position that the possibility that appellant may receive a harsher sentence as a recidivist for any subsequent felony conviction in many states (e. g., N.J.S.A. § 2A: 85–8, 9, 12; Conn.Stat.Ann. § 54–118; D.C.Code § 22–104) is a sufficient potential collateral effect to prevent the appeal from being moot. See Pollard v. United States, 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196 (1946).

■ Cowan has a criminal record consisting of numerous misdemeanor convictions and one felony conviction in New York for attempted grand larceny second degree. Because Cowan committed the federal crime prior to his incarceration for the state felony, he will not be liable to increased criminal penalties for subsequent New York felony convictions on account of his federal felony conviction.

New York Penal Law, McKinney's Consol. Laws, c. 40, § 70.10(1) (c). Because of his previous New York felony conviction, Cowan's civil rights were not adversely affected by his federal conviction. Nevertheless, this case is not controlled by St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943), and United States v. Galante, 298 F.2d 72, 73, 100 A.L.R.2d 431 (2d Cir. 1962) because this felony conviction might result in a harsher sentence for Cowan for any subsequent felony conviction in some states.

■ Having determined that we must pass upon the merits of the points raised by appellant, we find that the search by FBI agents, with the consent of the hotel, of luggage removed from Cowan's hotel room by the hotel management pursuant to its lien for unpaid hotel bills was lawful, that the District Court did not err in finding that Cowan had abandoned the luggage and that, under the circumstances of this case, delay in holding a preliminary hearing before the United States Commissioner does not require reversal. Accordingly, we affirm the conviction.

On March 23, 1963, Robert Cowan appeared at the Sutton East Hotel in mid-Manhattan with seven pieces of luggage. He registered under the name of Robert Kelly and told the desk clerk that he intended to stay one night. Since he had luggage, he was not required to pay for the room in advance. Five days later, "Kelly" failed to pay his bill on time. The manager of the hotel learned that the room had not been occupied the previous night, and plugged the lock. On the next day, March 29, the room still unoccupied and unpaid for, the hotel manager entered the room, gathered Cowan's personal effects into the open suitcases and removed all of the luggage to the hotel office.

About March 26 a confidential informant had reported to the FBI that an individual using the name Robert Kelly and residing at the Sutton East Hotel had in his possession items allegedly stolen from luggage at Kennedy Airport.

On March 29, two FBI agents went to the hotel to speak with the manager about the man known as Kelly. The hotel manager informed them that Kelly had not paid his bill or returned to his room and that his luggage had been removed to the hotel office. With the manager's consent, the FBI agents opened the unlocked suitcases and examined their contents. A subsequent check with the airlines showed that the luggage in the hotel was similar to that which passengers had reported lost to Air Canada on March 21 and to TWA on March 22, both at Kennedy Airport. Cowan was arrested on April 8, 1963 and several weeks later the luggage was removed from the hotel by the FBI.

■ Cowan contends that the search and seizure of the luggage were unlawful. We hold that appellant does not have standing to raise this issue. Prior to the Supreme Court's decision in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), a defendant generally was required to "claim either to have owned or possessed the seized property or to have had a substantial possessory interest in the premises searched" in order to have standing to assert a Fourth Amendment claim. 362 U.S. at 261, 80 S.Ct. at 731. However, because the narcotics charge for which Jones was indicted would have been established if Jones admitted possession, the Court held "that possession both convicts and confers standing, eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized, which ordinarily is required when standing is challenged." 362 U.S. at 263, 80 S.Ct. at 732. Appellant contends that because possession of the baggage would be sufficient for conviction under 18 U.S.C. § 659, United States v. Minieri, 303 F.2d 550 (2d Cir.) cert. denied, 371 U.S. 847, 83 S.Ct. 79, 9 L.Ed.2d 81 (1962), he is automatically entitled to standing to object to its search and seizure. We do not read the *Jones* case quite so broadly. In *Jones*, the conviction flowed from possession at the time of the search, while in this case the

hotel had possession at the time of the search and the conviction flows from appellant's possession at an earlier time. Possession on or about March 23, as charged in the indictment, does not give appellant standing to challenge a search on March 29 when the baggage was concededly in the possession of the hotel manager pursuant to the hotel's lien. N. Y. Lien Law, § 181 (McKinney's Consol. Laws, c. 33, 1966), Roth v. Hotel Riverside Plaza, Inc., 188 Misc. 180, 67 N.Y.S. 2d 518 (1st Dept. 1947). Unlike Jones, Cowan was not charged in the indictment with possession or the right to possession at the time of the search and the subsequent seizure. See United States v. Bozza, 365 F.2d 206, 222–223 (2d Cir. 1966).

■■ In order to have standing to challenge the legality of a search, one must establish that he was the victim of an invasion of privacy. Wong Sun v. United States, 371 U.S. 471, 492, 83 S. Ct. 407, 9 L.Ed.2d 441 (1963); Jones v. United States, 362 U.S. at 261, 80 S.Ct. 725 (1960). See Camara v. Municipal Court, 387 U.S. 523, 528, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); Warden v. Hayden, 387 U.S. 294, 304–306, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); United States ex rel. DeForte v. Mancusi, 379 F.2d 897, 900, 903 (2d Cir. 1967), cert. granted, 390 U.S. 903, 88 S.Ct. 816, 19 L.Ed.2d 869 (Jan. 23, 1968). While redress for persons aggrieved by searches and seizures originally depended upon proof of a superior property interest, recent decisions rest upon the constitutional right to the protection of privacy rather than any interest in the property which was subject to the search or seizure. Warden v. Hayden, 387 U.S. at 303–306, 87 S.Ct. 1642. The Supreme Court's decisions in Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964) and Chapman v. United States, 367 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961), upon which appellant relies, recognized that protection of privacy requires suppression in some circumstances where property interests have not been violated. Here there was no invasion of Cowan's right to privacy. He had lost his right

to use the room and with this the law gave the hotel the right to seize the property. Although Cowan concedes that the hotel was entitled to remove the luggage from the room, and prepare it for sale, he argues that he retained all other rights in the property and therefore the hotel manager's consent was not sufficient to authorize the search. This argument is unsound because, whatever Cowan's rights to reclaim the luggage might be under New York Law, it is clear that by leaving the luggage in the room and failing to pay his bill, Cowan forfeited the right to occupy the room undisturbed and, as to the luggage, the right to retain possession and any claim to privacy concerning it and its contents.

■■ Under § 207 of N. Y. General Business Law (McKinney's Consol. Laws, c. 20, 1968), the hotel could sell the baggage at public auction, provided that at least 15 days prior to the time of the sale, notice of the sale "containing a brief description of the goods, baggage and articles to be sold" was published in a newspaper advertisement, and mailed to the guest if his address was known. Lane v. Hotel Investors, Inc., Sup., 29 N.Y.S. 2d 364 (1st Dept. 1941), indicates that the contents of luggage should be exhibited at the sale and that an inventory should be made prior to sale. In order to comply with the statutory scheme, the hotel would have to examine the luggage and its contents prior to publication of notice of sale and notification of the guest. Indeed the New York statute requires publication of the contents of the baggage and an invitation to the entire community to examine them before the hotel can assert its right to conduct a sale in satisfaction of its lien. In view of the information given to the F.B.I. the hotel had the right, if not the duty, to render every assistance to determine who were the lawful owners of the luggage and its contents. "It is an act of responsible citizenship for individuals to give whatever information they may have to aid in law enforcement." Miranda v. State of Arizona, 384 U.S. 436, 477–478,

86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966).

Under these circumstances, Cowan's privacy was not invaded when the hotel manager permitted the federal agents to examine the contents of the baggage at the hotel or when the agents seized the baggage after Cowan's arrest. And since the hotel, not Cowan, was entitled to retain possession at the time when the baggage was seized there was no interference with Cowan's property rights, such as they were, in the luggage. Von Euhelberger v. United States, 252 F.2d 184, 186 (9th Cir. 1958); United States v. Walker, 190 F.2d 481, 483 (2d Cir. 1951).

■ Moreover, we agree with Judge Weinfeld that the luggage had been abandoned at the time of the search. United States v. Cowan, 37 F.R.D. 215, 217 (S.D.N.Y.1965). Appellant argues that the abandonment doctrine does not apply because there was no unambiguous act of intentional discard, as in Abel v. United States, 362 U.S. 217, 241, 80 S. Ct. 683, 4 L.Ed.2d 668 (1960) and Feguer v. United States, 302 F.2d 214, 248 (8th Cir.), cert. denied, 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962). Abandonment does not require performing a ritual; rather it is a question of intent. International News Service v. Associated Press, 248 U.S. 215, 240, 39 S.Ct. 68, 63 L.Ed. 211 (1918). The New York Court of Appeals has stated the test of abandonment as follows:

"The abandonment of property is the relinquishing of all title, possession, or claim to or of it—a virtual intentional throwing away of it. It is not presumed. Proof supporting it must be direct or affirmative or reasonably beget the exclusive inference of the throwing away." · Foulke v. N. Y. Consol. R. R. Co., 228 N.Y. 269, 273, 127 N.E. 237, 238, 9 A.L.R. 1384 (1920).

Cowan's conduct supports the district court's inference that he intended to relinquish possession of the property. Appellant failed to pay his hotel bill on March 28 and did not return to or com-

municate with the hotel prior to his arrest on April 8 although he had told the clerk when he took the room that he only intended to stay one night. Judge Weinfeld's finding is amply supported by the record and is not clearly erroneous.

Appellant contends that the successive adjournments of the preliminary hearing without notice deprived him of his right to the hearing and that the judgment should be reversed or the evidence suppressed because of the delay in determination of whether or not there was probable cause. The delay in holding a preliminary hearing was not error of which Cowan can complain. Cowan was arrested at 3:30 A.M. on April 8, 1963. He was booked, then brought before the United States Commissioner at about 1 P.M. The Commissioner read the complaint to Cowan and advised him of his right to a preliminary hearing. He stated he wanted a hearing, and a hearing was set for April 22. After the appearance before the Commissioner, Cowan was released on his own recognizance, while in the presence of his New York State Parole officer, who promptly took him to City Prison as a parole violator. During his incarceration in City Prison until July 1, 1963, the preliminary hearing was adjourned five times and was finally marked off the Commissioner's calendar on June 28, 1963 when an indictment was handed down, superseding the complaint. See Jaben v. United States, 381 U.S. 214, 220, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965); United States v. Heap, 345 F.2d 170 (2d Cir. 1965).

 We find that appellant was in no way prejudiced by the delay of the preliminary hearing and find no abuse that would justify reversal of the conviction or suppression of the evidence. United States v. Aiken, 373 F.2d 294, 298

(2d Cir.), cert. denied, 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed.2d 93 (1967). The purpose of a preliminary hearing is to "afford a person arrested upon complaint an opportunity to challenge the existence of probable cause for detaining him or requiring bail." Sciortino v. Zampano, 385 F.2d 132 (2d Cir. 1967), cert. denied, 390 U.S. 906, 19 L.Ed.2d 872 (Jan. 23, 1968), United States v. Motte, 251 F.Supp. 601, 603 (S.D.N.Y.1966). Cowan was neither detained nor required to post bail since he was released on his own recognizance in order to face the New York parole violation charge and the status quo was maintained on the Federal charge until after the state sentence was served and the complaint was marked off the Commissioner's calendar because an indictment was handed down. See United States v. Universita, 192 F.Supp. 154, 155 (S.D.N.Y.1961). None of the purposes of Fed.R.Crim.P. 5(c) would be furthered by granting appellant the relief he seeks. United States v. Cowan, 37 F.R.D. 215, 217 (S.D.N.Y.1965). See Jaben v. United States, 381 U.S. at 228, 85 S.Ct. 1365 (Goldberg, J., dissenting in part).

 There is no merit whatever to Cowan's contention that failure to grant the preliminary hearing required the court to suppress evidence acquired through the search of the luggage. The search preceded Cowan's arrest by ten days and was entirely unrelated to the question of probable cause for Cowan's detention which might have been raised at a preliminary hearing. 37 F.R.D. at 218. See United States v. Mitchell, 322 U.S. 65, 70, 64 S.Ct. 896, 88 L.Ed. 1140 (1944), United States v. Klapholz, 17 F.R.D. 18, 23 (S.D.N.Y.1955) aff'd, 230 F.2d 494, 498 (2d Cir.), cert. denied, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956).

The judgment is affirmed.