July 28, 1977

## 77–44 MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Disposition of Nixon Memorabilia

This is in response to your request for our opinion with respect to the proper disposition of the personalized memorabilia of former President Nixon, which were left in the Old Executive Office Building when he resigned on August 9, 1974. The memorabilia are now in custody of the White House Gift Unit, a part of the White House Office. We understand that most of these items were acquired with private funds or by the Republican National Committee for the use of President Nixon. The remainder are gifts to him by private persons. We further understand that the Gift Unit's records allow it to determine the source of the particular items.[1] It should be noted at the outset that the materials include copies of White House documents prepared for President Nixon. Under § 101(b) of the Presidential Recordings and Materials Preservation Act, 44 U.S.C. § 2107 note, these and any other documents are historical materials that must be turned over to the Administrator of General Services. See 44 U.S.C. § 2101; H.R. Rep. 93–1507, 93rd Cong., 2d Sess., at 9.

The remainder of the memorabilia, which were purchased with private funds, were originally the property of the purchasers rather than of the United States Government.[2] Due to the circumstances in which they were found, they have, however, become the property of the

---

[1] Certain of the items appear to have been purchased in the People's Republic of China during President Nixon's tour. For example, a three-piece tea set was listed in the Gift Unit's inventory. We are informed by the Gift Unit that these are private purchases and not official gifts from the People's Republic.

It should be noted, however, that under the Foreign Gifts and Decorations Act of 1966, 5 U.S.C. § 7342, any gift from a foreign government or its agent of more than minimal value is accepted on behalf of the United States and becomes the property of the United States. The President, members of his staff, and members of their families are subject to this statute. 5 U.S.C. § 7342(a)(1). Under regulations promulgated by the Department of State, such gifts are to be deposited with the Chief of Protocol. 22 CFR § 3.5(c). Gifts of minimal value remain the property of the recipient, but the burden of showing minimal value is on him. 22 CFR § 3.5(b).

[2] We do not have the information necessary to determine the respective interests, if any, of the private purchases.

United States under 40 U.S.C. § 484(m). That statute authorizes the Administrator of General Services "to take possession of abandoned or other unclaimed personal property on premises . . . owned by the United States, to determine when title thereto vested in the United States, and to utilize, transfer, or otherwise dispose of such property." Under regulations promulgated by the General Services Administration (GSA), title to abandoned or unclaimed property on Government premises vests in the United States 30 days after it is found, except that title reverts to the former owner if he files a claim before the property is used, transferred to another agency for use, or sold.[3] "Abandoned or unclaimed property" includes any personal property found on Government premises.[4] Because the Nixon memorabilia were found more than 30 days ago, title thereto has vested in the United States, subject any claim by the former owners.

Under the GSA regulations, the agency that finds the property is responsible for it and must either use it or report it to GSA as excess property.[5] Once the property is reported, GSA will either furnish it to other Federal agencies or dispose of it as surplus.[6] The former owner is entitled to payment for the reasonable value of any abandoned or unclaimed property used by the United States or to the proceeds of any sale.[7] As the Agency that found the memorabilia, the White House Office is responsible for their custody, for evaluating claims for their return, and for reporting unusable items to GSA.[8]

Neither the statute nor the regulations requires the finding agency to notify possible former owners that the property has been found before it is disposed of. However, due process of law requires that potential claimants be given reasonable notice and an opportunity to submit claims before the United States cuts off their right to have unclaimed

---

[3] 41 CFR § 101–43.403.1.

[4] 41 CFR § 101–43.401(a).

[5] 41 CFR §§ 101–43.403–1, 101–43.403.2.

[6] See 41 CFR §§ 101–43.301, 101–43.318–1, 101–45.404(b). Sales are conducted by GSA and are normally by sealed bids, spot bids, or auction. See, generally, 41 CFR §§ 101–45.301, 101–45.304. Abandoned or unclaimed property may be sold at any time after title vests in the United States. 41 CFR § 101–45.404(b).

[7] 40 U.S.C. § 484(m); 41 CFR §§ 101–43.403.4, 101–45.401.1. Claim for payment must be made within 3 years of the date that title vested in the United States. 40 U.S.C. § 484(m).

[8] The White House Office is within the meaning of the term "executive agency" as defined in the statute and regulations. See 40 U.S.C. § 472(a); 41 CFR § 101–43.001–6.

property returned.[9] *See, Security Savings Bank* v. *California,* 263 U.S. 282, 287 (1923); *Cf., Mullane* v. *Central Hanover Trust Co.,* 339 U.S. 306, 311–13 (1950). When the names and addresses of potential claimants are known or can be found through ordinary diligence, due process requires that they be given actual notice by mail. *See, Mullane* v. *Central Hanover Trust Co., supra,* at 315–20.

The White House Office should therefore notify Mr. Nixon, the Republican National Committee, and any other persons who your records indicate may have owned the memorabilia before any action is taken to use or dispose of them. The notice should state that the described items were apparently abandoned on August 9, 1974, that the United States took title to them under 40 U.S.C. § 484(m) and 41 CFR § 101–43.403–1 on September 9, 1974, that the former owners can file a claim of ownership within 30 days,[10] and that any property that is not claimed by its former owner within that time will be reported to GSA for disposal as surplus property under 41 CFR § 101–45.404(b).[11]

Items which are not successfully claimed should be reported to GSA for disposal through normal channels.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[9] Since abandonment results from the former owner's intent to divest himself of all interest in the property, appropriation by the United States of abandoned property would not appear to be a taking of a property right. *See, generally, United States* v. *Cowan,* 396 F. 2d 83, 87 (2d Cir. 1968); *Nippon Shoshen Kaisha, K.K.* v. *United States,* 238 F. Supp. 55, 58 (D. Cal. 1964); 1 Am. Jur. 2d "Abandoned Property," § 16, at p. 16. Strictly speaking, notice to the former owner would not be constitutionally required. *Mullane* v. *Central Hanover Trust Co.,* 339 U.S. 306, 316 (1950). However, intent to abandon is a question of fact, so that reasonable notice is required before determining whether property is abandoned or merely unclaimed. *Anderson National Bank* v. *Luckett,* 321 U.S. 233, 246 (1944). Moreover, failure to respond to personal notice is evidence of intent to abandon. *See* 1 Am. Jur. 2d, *supra,* § 16 at pp. 16–17.

[10] This is an arbitrary figure that appears to provide a reasonable time for response.

[11] The form for the report is set forth at 41 CFR § 101–43.311–2.